## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| MACK ROSE, Individually and as Representative of the Estate of COURTNEY ROSE, Deceased, LINDA KING, Individually, and AMANDA STOVES as Next Friend of DEJA PRICE and COURTNEY ROSE, JR., Minors, | §<br>§<br>§<br>§<br>§<br>§<br>§ |
| Plaintiffs, | §<br>§ |
| VS. | §<br>§ CIVIL ACTION NO. *2-03C v - 1 0 5 _ TJW* |
| TAKATA CORPORATION, | §<br>§ |
| Defendant. | §<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. Parties

1.  Plaintiff Mack Rose is the natural father of Courtney Rose, deceased and resides in Gilmer, Upshur County, Texas. Plaintiff Linda King is the natural mother of Courtney Rose, deceased and resides in Linden, Cass County, Texas. Amanda Stove is the natural mother of Deja Price and Courtney Rose, Jr. and they reside in Dallas, Dallas County, Texas. Deja Price and Courtney Rose, Jr. are natural minor children of Courtney Rose.

2.  Takata Corporation is a foreign corporation and at all times doing business in Texas and service upon this Defendant may be had by serving president, Juichiro Takada at his business address Mori Building No. 25 4-30 Roppongi 1-Chome, Minato-Ku, 106, Japan.

### B. Jurisdiction

3.  This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## C. Facts

4. On or about February 9, 2001, Courtney Rose was driving his 2000 Cadillac Deville, (VIN No. 1G6KF57994U261160), heading east on TX 155 in Linden, Cass County, Texas when the vehicle went off the road and rolled. During the rollover, Courtney was ejected from his vehicle. He died later that day from injuries sustained in the accident.

5. At the time of the accident, Courtney Rose was properly wearing his integrated 3-point seat belt, but was ejected when the buckle released.

## D. Cause of Action
## As To Defendant Takata Corporation

6. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its buckles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

7. The injuries occurred because the buckle in question was not reasonably safe and was not reasonably fit for unintended, but clearly foreseeable accidents. The buckle in question was defective in the event it should be involved in an incident such as occurred herein. The buckle violated express and implied warranties because the Defendant knew the seat belt was prone to unwanted release. Further, the buckle was unfit for the ordinary purposes for which said buckle is used due to a lack of something necessary for adequacy.

8. Defendant designed, manufactured, marketed, assembled and tested said buckle in question so that the buckle would remain latched in the event of an accident, yet, said buckle failed to remain latched contrary to Defendant's express assurances and warranties.

9. The foregoing acts and/or omissions of Defendant were a proximate cause of the Plaintiffs' damages.

10. The foregoing acts and omissions of Defendant were a proximate cause of Plaintiff

Courtney Rose's fatal injuries.

## E. Damages to Plaintiffs

11. As a result of the acts and/or omissions of Defendant, Courtney Rose experienced physical pain and suffering prior to his death and these damages survive his death through his Estate.

12. As a result of the acts and/or omissions of Defendant, Plaintiffs Mack Rose, Linda King, Deja Price and Courtney Rose, Jr. have suffered mental anguish and a loss of consortium in the past and are likely to suffer in the future over the death of their son and father.

13. As a result of the acts and/or omissions of Defendant, Courtney Rose, deceased, has suffered a loss of enjoyment of life and has experienced a total loss of earning capacity in the future and said last wages would have benefited the minor Plaintiffs.

14. As a result of the acts and/or omissions of Defendant, Plaintiffs Mack Rose and Linda King have become obligated to pay necessary and reasonable medical and funeral expenses for their son, Courtney Rose.

15. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries to Plaintiffs have caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

## F. Prayer

16. For these reasons, Plaintiffs ask for judgment against Defendant for:

    a.    actual damages;
    b.    prejudgment and post-judgment interest beginning February 9, 2001;
    c.    costs of suit; and
    d.    all other relief the court deems proper.

Respectfully submitted,

**TRACY & CARBOY**

_____
E. Todd Tracy
State Bar No. 20178650
5473 Blair Road, Suite 200
Dallas, Texas 75231
214/324-9000 Phone
972/387-2205 Fax

**ATTORNEY FOR PLAINTIFFS**